The plaintiff and the defendant Michael Smith entered into a written contract whereby the latter agreed to erect for the former a dwelling in accordance with certain plans and specifications referred to and made a part of the contract.
This action is brought to recover damages alleged to have been sustained by the plaintiff by reason of the defendant's improper and inadequate performance of the terms of the contract in a number of particulars.
The specifications provide that the foundation is "to be of waterproofed concrete mix 1:2:4, well spaded and tamped. Floor to be keyed into walls"; also that the cellar floor is "to be 10 inches reinforced concrete mixed 1:2:4 waterproofed and reinforced with 3/4 inch rods 8 inches O.C. each way." The claim of the plaintiff is that these provisions should be interpreted to mean that the defendant guaranteed that the cellar would be water tight, and that since water has at times seeped into the cellar, the defendant should be held liable for the expense involved in making the cellar water tight.
The testimony is that the waterproofing here specified is ordinarily adequate to produce a water tight cellar. Prior to the execution of the contract, the plaintiff had inspected a dwelling erected by the defendant for other parties on land immediately adjoining the plaintiff's lot. In constructing the cellar of the adjoining dwelling, the defendant had followed specifications identical to those here prescribed, and a satisfactory and water tight cellar resulted. The plaintiff expressed a desire that the defendant construct the plaintiff's cellar in the same manner as the adjoining cellar had been constructed, and accordingly the provisions incorporated in the specifications for the plaintiff's dwelling, relating to waterproofing, were the same as those of the adjoining dwelling.
Experts produced by the plaintiff testified that not infrequently *Page 159 
a guaranty is required of a building contractor in cases where waterproofing is specified. In such instances the undertaking to be assumed by the contractor as well as the duration of the guaranty are usually specified, and these elements taken into account in estimating the cost of the work. Here the specifications set forth in detail the ingredients to be employed and how the work was to be done, but are silent on the subject of a guaranty.
It has been held under similar circumstances that the obligation of the contractor is fulfilled when he complies with the specifications and performs the work in accordance therewith, even though such mode of construction does not produce a water-tight cellar. Erickson vs. Macomber Co., 211 Mass. 311.
A different situation prevails where the contractor undertakes not merely to perform the work in the manner specified, but agrees to bring about certain results. Under such circumstances it has been held that the contractor's obligation is not performed by a mere showing that he employed the materials and did the work in the manner specified, if in fact a watertight condition is not produced. Foss Co., Inc. vs.Whidden, 254 Mass. 146; MacKnight Flintic Stone Co. vs.Mayor, etc., of City of New York, 13 App. Div. 231,43 N.Y.S. 139.
Under the circumstances here disclosed, the defendant's undertaking must be held to have been limited to compliance with the provisions in the specifications and if, in fact, the cellar was constructed in the manner specified, there is no warrant for holding the defendant responsible for a result he never undertook to produce or guarantee.
The burden resting on the plaintiff to show the defendant's failure to comply with the specifications has not been sustained. On the contrary, the evidence indicates that the cellar was in all respects constructed in the manner specified, and it must be found that the defendant's undertaking in this regard was adequately performed.
In a number of other respects, however, it is clear that the plaintiff has been damaged because the defendant either omitted items required by the specifications or performed the work in an improper manner. Several gutters and leaders, as well as connections of leaders to dry wells, were entirely omitted. The sun parlor roof was not properly pitched, and as a result *Page 160 
water accumulates on the roof and runs down the side of the sun parlor causing damage to the paint and woodwork. The reasonable cost of remedying these items is found to be $200.
It is admitted that the sum of $75 remains unpaid on the contract price. The issues are therefore found for the plaintiff against the defendant Michael Smith on the complaint and for the defendant Michael Smith on his counterclaim, and judgment may enter for the plaintiff to recover of the defendant Michael Smith $125 damages and costs.
 No evidence to connect the defendant Stephen Smith has been presented and judgment may therefore enter for the defendant Stephen Smith to recover costs.